

**IT IS ORDERED as set forth below:**

**Date: February 10, 2026**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| | **SUBCHAPTER V** |
| **M&K ACTIVE TRANSPORT, LLC,** | |
| | |
| **Debtor.** | **CASE NO. 25-60477-BEM** |

## ORDER CONFIRMING PLAN PURSUANT TO 11 U.S.C. § 1191(b)

The above-captioned bankruptcy case came before the Court for an in-person hearing on February 5, 2026, at 11:00 A.M. (the "Hearing") to consider confirmation of the Debtor's Plan (as defined herein).

On December 10, 2025, M&K Active Transport, LLC (the "Debtor") filed its *Plan of Reorganization* (Docket No. 46) (the "Plan").

On December 11, 2025, Debtor filed an *Application Requesting Entry of Order Establishing Certain Deadlines Pursuant to Rule 3017.2* (Doc. No. 47) (the "First Application").

On December 12, 2025, the Court entered an *Order and Notice of Assignment of Hearing on*

*Confirmation of Plan, Setting Related Deadlines, and Approving Form of Ballot* (Docket No. 49) (the "Solicitation Order") granting the Application and scheduling a confirmation hearing regarding the Original Plan on January 15, 2026. On January 9, 2026, Debtor filed a *Motion Requesting Continuance of Confirmation Hearing* (Doc. No. 61).

On January 9, 2026, Ally Bank ("Ally") filed multiple *Objection to Confirmation of Chapter 11 Plan* (Docket No. 57, 58, 59, 60) (the "Objections").

On January 23, 2026, Debtor filed its *First Modification to Plan of Reorganization* (Docket No. 68) to resolve informal objections raised by T.D. Bank, N.A.

At the Hearing, Thomas T. McClendon and William M. Gooding appeared on behalf of Debtor. Matricia Chalmers, the Debtor's Sole Member and Manager, appeared as the representative for the Debtor. Todd E. Hennings appeared as the Subchapter V Trustee. David Weidenbaum appeared on behalf of the United States Trustee.

By verbal modification at the Hearing, Debtor amended Class 4 of the Plan as follows:

4.1     **Class 4A:  Secured Claims of Ally Bank.**

Class 4 consists of the secured claims of Ally Bank ("Ally"). Ally filed proof of claim 4 in the total amount of $17,144.19 (the "Total Asserted Class 4A Claim") secured by a lien on Debtor's 2018 Toyota Sienna Vin ###42317 ("Toyota"). Debtor values the Toyota at $10,348.90 (such amount or such other amount allowed by the Court prior to the entry of the Confirmation Order is referred to as the "Allowed Class 4A Secured Claim.") The Class 4A Secured Claim is evidenced by a Retail Installment Sale Contract in the original principal amount of $25,965.12 naming Debtor as borrower, AMS Vans, LLC as Seller-Creditor, and a lien held by Ally noted on the title to the Toyota.

The Allowed Class 4A Secured Claim of Ally shall continue and attach to the Toyota to the same validity, and priority as existed on the Filing Date and to the extent of the Class 4A Secured Claim. The Total Asserted Class 4A Claim shall be bifurcated into (i) the Allowed Class 4A Secured Claim (i.e. $10,348.90) and (ii) a Class 14 General Unsecured Claim for the remaining balance of the Total Asserted Class 4A Claim (i.e. $6,795.29). Debtor will pay the Allowed Class 4A Secured Claim in 49 equal monthly payments of $256.30 beginning on the 26th day of the first month following the Effective Date and continuing on the 26th day each following month until through and including the 49th month following the Effective Date and one final payment on the 26th day of the 50th month in the amount of $33.97 with interest accruing at the annual rate of

2

9.75%. Any payments received by Ally after the Petition Date but prior to the Effective Date on the Total Asserted Class 4A Claim shall be applied to the principal balance of the Allowed Class 4A Secured Claim. Any payment received by Ally on the Allowed Class 4A Secured Claim on or after the Effective Date, shall be applied first to accrued unpaid interest accruing post-petition on the Allowed Class 4A Secured Claim and then to the principal balance.

Upon receipt of payment in full of the Allowed Class 4A Claim, Ally shall release its lien on the Class 4A Collateral within 60 days of such receipt.

The holder of the Class 4A Allowed Secured Claim is impaired by the Plan and is entitled to vote.

### Class 4B:  Secured Claims of Ally Bank.

Ally filed proof of claim 1 in the total amount of $13,241.99 (the "Total Asserted Class 4B Claim") secured by a lien on Debtor's 2017 Ford Transit Vin ###61762 ("Ford"). Debtor values the Ford at $11,835.50 (such amount or such other amount allowed by the Court prior to the entry of the Confirmation Order is referred to as the "Allowed Class 4B Secured Claim.") The Class 4B Secured Claim is evidenced by a Retail Installment Sale Contract in the original principal amount of $44,280.46 naming Debtor as borrower, AMS Vans, LLC as Seller-Creditor, and a lien held by Ally noted on the title to the Ford.

The Allowed Class 4B Secured Claim of Ally shall continue and attach to the Ford to the same validity, and priority as existed on the Filing Date and to the extent of the Class 4B Secured Claim. The Total Asserted Class 4B Claim shall be bifurcated into (i) the Allowed Class 4B Secured Claim (i.e. $11,835.50) and (ii) a Class 14 General Unsecured Claim for the remaining balance of the Total Asserted Class 4B Claim (i.e. $1,414.49). Debtor will pay the Allowed Class 4B Secured Claim in 49 equal monthly payments of $293.12 beginning on the 26th day of the first month following the Effective Date and continuing on the 26th day each following month through and including the 49th month following the Effective Date and one final payment on the 26th day of the 50th month in the amount of $39.35 with interest accruing at the annual rate of 9.75%. Any payments received by Ally after the Petition Date but prior to the Effective Date shall be applied to the principal balance of the Allowed Class 4B Secured Claim. Any payment received by Ally on the Allowed Class 4B Secured Claim on or after the Effective Date, shall be applied first to accrued unpaid interest accruing post-petition on the Allowed Class 4B Secured Claim and then to the principal balance.

Upon receipt of payment in full of the Class 4B Claim, Ally shall release its lien on the Class 4B Collateral within 60 days of such receipt.

The holder of the Class 4B Allowed Secured Claim is impaired by the Plan and is entitled to vote.

3

### Class 4C:  Secured Claims of Ally Bank.

Ally filed proof of claim 2 in the total amount of $25,921.61 (the "Total Asserted Class 4C Claim") secured by a lien on Debtor's 2019 Chrysler Pacifica Vin ###85530 ("Pacifica"). Debtor values the Pacifica at $7,626.00 (such amount or such other amount allowed by the Court prior to the entry of the Confirmation Order is referred to as the "Allowed Class 4C Secured Claim.") The Class 4C Secured Claim is evidenced by a Retail Installment Sale Contract in the original principal amount of $48,285.26 naming Debtor as borrower, AMS Vans, LLC as Seller-Creditor, and a lien held by Ally noted on the title to the Pacifica.

The Allowed Class 4C Secured Claim of Ally shall continue and attach to the Pacifica to the same validity, and priority as existed on the Filing Date and to the extent of the Class 4C Secured Claim. The Total Asserted Class 4C Claim shall be bifurcated into (i) the Allowed Class 4C Secured Claim (i.e. $7,626.00) and (ii) a Class 14 General Unsecured Claim for the remaining balance of the Total Asserted Class 4C Claim (i.e. $18,295.61). Debtor will pay the Allowed Class 4C Secured Claim in 49 equal monthly payments of $188.87 beginning on the 26th day of the first month following the Effective Date and continuing on the 26th day each following month until through and including the 49th month following the Effective Date and one final payment on the 26th day of the 50th month in the amount of $25.16 with interest accruing at the annual rate of 9.75%. Any payments received by Ally after the Petition Date but prior to the Effective Date on the Total Asserted 4C Claim shall be applied to the principal balance of the Allowed Class 4C Secured Claim. Any payment received by Ally on the Allowed Class 4C Secured Claim on or after the Effective Date, shall be applied first to accrued unpaid interest accruing post-petition on the Allowed Class 4C Secured Claim and then to the principal balance.

Upon receipt of payment in full of the Allowed Class 4C Claim, Ally shall release its lien on the Class 4C Collateral within 60 days of such receipt.

The holder of the Class 4C Allowed Secured Claim is impaired by the Plan and is entitled to vote.

### Class 4D:  Secured Claims of Ally Bank.

Ally filed proof of claim 3 in the total amount of $46,493.73 (the "Total Asserted Class 4D Claim") secured by a lien on Debtor's 2021 Ram Promaster 2500 Vin ###79156 ("Ram"). Debtor values the Ram at $20,388.50 (such amount or such other amount allowed by the Court prior to the entry of the Confirmation Order is referred to as the "Allowed Class 4D Secured Claim.") The Class 4D Secured Claim is evidenced by a Retail Installment Sale Contract in the original principal amount of $70,995.00 naming Debtor as borrower, AMS Vans, LLC as Seller-Creditor, and a lien held by Ally noted on the title to the Ram.

The Allowed Class 4D Secured Claim of Ally shall continue and attach to the Ram to the same validity, and priority as existed on the Filing Date and to the extent of the Class 4D Secured Claim. The Total Asserted Class 4D Claim shall be bifurcated into (i) the Allowed Class 5 Secured Claim (i.e. $20,388.50) and (ii) a Class 14 General Unsecured Claim for the remaining balance of the Total Asserted Class 4D Claim (i.e. $26,105.23). Debtor will pay the Allowed Class 4D Secured Claim in 49 equal monthly payments of $504.95 beginning on the 26th day of the first

4

month following the Effective Date and continuing on the 26th day each following month through and including the 49th month following the Effective Date and one final payment on the 26th day of the 50th month in the amount of $67.49 with interest accruing at the annual rate of 9.75%. Any payments received by Ally after the Petition Date but prior to the Effective Date on the Total Asserted 4D Claim shall be applied to the principal balance of the Allowed Class 4D Secured Claim. Any payment received by Ally on the Allowed Class 4D Secured Claim on or after the Effective Date, shall be applied first to accrued unpaid interest accruing post-petition on the Allowed Class 4D Secured Claim and then to the principal balance.

Upon receipt of payment in full of the Allowed Class 4D Claim, Ally shall release its lien on the Class 4D Collateral within 60 days of such receipt.

The holder of the Class 4D Allowed Secured Claim is impaired by the Plan and is entitled to vote.

Based on the above modifications, Ally has withdrawn their Objections and announced no opposition to the Plan.

The Court has taken judicial notice of the entire record in this case including all proofs of claim. The Court has considered the entire record at the Hearing including but not limited to the Plan, Ballot Report (as defined below), argument of counsel and the evidence proffered at the Hearing. Accordingly, the Court has determined:

(a)     Debtor timely and properly: (i) filed the Plan (ii) solicited the Plan; and (iii) provided due notice of the Hearing to Holders of Claims and Interests against Debtor and parties in interest, all in compliance with the Bankruptcy Code, Local Rules, and Solicitation Order.

(b)     Debtor filed the *Ballot Certification and Summary of the Voting on Debtor's Plan of Reorganization as Modified or Amended* (the "Ballot Report") (Docket No. 63) describing the results of voting with respect to the Plan. As announced at the Hearing, Debtor seeks confirmation of the Plan under § 1191(b) of the Bankruptcy Code.

(c)     The notice provided regarding the Hearing and opportunity for any party in interest to object to confirmation of the Plan have been adequate and appropriate and no further notice was required.

(d)     The legal and factual bases set forth at the Hearing and in the entire record in this Case establish just cause for the relief granted at the Hearing.

(e)     After due deliberation and good and sufficient cause appearing therefore, and based upon the arguments made at the Hearing, the Court's acceptance of the unopposed evidentiary proffer of testimony, and further based upon the entire record in this case and the Court's findings of fact and conclusions of law made on the record at the Hearing which are adopted herein pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014, the Plan should be confirmed, and further based upon the following determinations by the Court:

1.     The Court has jurisdiction over this Chapter 11 Case and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (L), and (O), and the Court has jurisdiction to enter a final order with respect thereto.  Debtor is eligible to be a debtor under § 109 of the Bankruptcy Code and eligible to proceed under Subchapter V of Title 11 under §§ 101(51D) and 1182.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     Following entry of the Solicitation Order, in compliance with the Bankruptcy Code and the Bankruptcy Rules, Debtor effectuated filing and service on all Creditors, Holders of Claims and Interests and parties in interest of the Solicitation Order containing notice of the continued Hearing and relevant deadlines and a ballot for voting on the Plan, the Plan and modifications or amendments to the Plan (collectively the "Solicitation Materials").

3.     As described in the Solicitation Order: (a) service of the Solicitation Materials was adequate and sufficient under the circumstances and (b) adequate and sufficient notice of the continued Hearing and other requirements, deadlines, hearings and matters described in the Solicitation Order: (i) was timely and properly provided; and (ii) provided due process and

6

opportunity to appear and be heard to all parties in interest.  Because of the foregoing transmittals, notice and service were adequate and sufficient, and no other or further notice is necessary or shall be required.

4.      Debtor and Debtor's attorneys have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code.

5.      Debtor, as proponent of the Plan, has met its burden of proving the elements of Section 1191(b) of the Bankruptcy Code and established, upon the unopposed proffer of evidence and the Court's judicial notice of all pleadings filed in this case (including proofs of claim), that Debtor's Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interest that is impaired under, and has not accepted, the plan, thereby satisfying the requirements of § 1191(b) of the Bankruptcy Code.

6.      As evidenced by the submissions at the Hearing, the treatment of the impaired classes of claims satisfies the requirements of the Bankruptcy Code including § 1191(b) and, to the extent applicable, § 1129.

7.      The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including without limitation the treatment of unsecured claims, priority claims and secured claims, and counterparties under executory contracts.

8.      All capitalized terms used but not defined in this Order shall have the meaning ascribed to such terms in the Plan.

Accordingly, it is hereby:

A.      **ORDERED** that the foregoing determinations including those enumerated in Paragraphs 1 through 8 above are hereby incorporated into this Confirmation Order as if fully set

forth herein. It is further

B. **ORDERED** that the Plan is **CONFIRMED** pursuant to 11 U.S.C. § 1191(b). All provisions of the Plan shall bind Debtor, entities receiving property under the Plan, and creditors whether or not the claims of such creditors are impaired under the Plan and whether or not such creditors have accepted the Plan. It is further

C. **ORDERED** that this Order shall act as an injunction against any Person: (a) commencing or continuing any action, (b) employing any process, or (c) acting to collect, offset, or recover any Claim except as provided for in the Plan against: (1) Debtor, or (2) against any property of Debtor. Such injunction shall survive the closure of this bankruptcy case and this Court shall retain jurisdiction to enforce such injunction. It is further

D. **ORDERED** that notwithstanding anything to the contrary in the Plan, this Court retains jurisdiction in this case: (a) for the purposes set forth in the Plan and to interpret and enforce the Plan and this Order, and (b) to resolve any disputes regarding the same, including claim objections whether brought as a contested matter or adversary proceeding. It is further

E. **ORDERED** that Counsel for Debtor shall serve this Order on all creditors and parties-in-interest listed on the mailing matrix in this case via ECF or U.S. Mail and file a certificate of service within three (3) days of the entry of this Order.

**[END OF ORDER]**

*Prepared and Presented by:*        *Consented to by:*

**JONES & WALDEN LLC**              **LEFKOFF, RUBIN, GLEASON, RUSSO, &
                                    SMITH, P.C.**

*/s/ Thomas T. McClendon*           */s/ Andrew D. Gleason*
Thomas T. McClendon                 Andrew D. Gleason
Georgia Bar No.431452               Georgia State Bar No. 297122
William M. Gooding                  Attorney for Ally Bank
Georgia Bar No. 301119              5555 Glenridge Connector
Attorney for Debtor                 Suite 900
699 Piedmont Ave NE                 Atlanta, Georgia 30342
Atlanta, Georgia 30308              (404) 869-6900
(404) 564-9300                      agleason@lrglaw.com
tmcclendon@joneswalden.com
wgooding@joneswalden.com

**Distribution List:**

Thomas T. McClendon, Jones & Walden LLC, 699 Piedmont Avenue, NE, Atlanta, Georgia 30308

Office of the United States Trustee, 362 Richard Russell Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303

Todd E. Hennings, Subchapter V Trustee, Macey, Wilensky & Hennings, LLP, 5500 Interstate Parkway North, Suite 435, Sandy Springs, Georgia 30328

9